FILED
CLERK
9/13/2016 10:57 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

           -against-

FERNANDO ALVAREZ,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
89-CR-0229-ADS-5

**APPEARANCES:**

**United States Attorney's Office**
**Eastern District of New York**
271 Cadman Plaza East
Brooklyn, New York 11201
    By: Erin Argo, Assistant U.S. Attorney

**Keahon, Fleischer, Duncan & Ferrante**
*Attorney for the Defendant*
1393 Veterans Memorial Highway
Suite 312 North
Hauppauge, New York 11788
    By: Joseph J. Ferrante

**SPATT, District Judge.**

      Following a jury trial, Fernando Alvarez (the "Defendant") was convicted of narcotics-related offenses for which he received life imprisonment. The total drug quantity attributed to the Defendant exceeded 300 kilograms of heroin.

      On November 1, 1991, the Court calculated the Defendant's sentencing range under the United States Sentencing Guidelines. At that time the highest base offense level was thirty-six for any crime involving ten or more kilograms of heroin. After factoring in a leadership role enhancement and a multi-count adjustment, the Defendant's total offense level was forty-three.

1

For an offender with the Defendant's criminal history, the Probation Department recommended a sentence of life imprisonment, which the Court ultimately imposed.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified the sentencing range for certain drug-related offenses. Of particular relevance, the revised sentencing guidelines raised the highest base offense level to thirty-eight for narcotics offenses involving ninety or more kilograms of heroin.

The Defendant has two motions pending before the Court. Initially, he filed a <u>pro se</u> motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). Then court-appointed counsel moved in support of the Defendant's <u>pro se</u> submission, requesting that the Court reduce the Defendant's prison sentence from life imprisonment to 360 months.

For the foregoing reasons, the Defendant's resentencing motions are denied with prejudice.

## I. BACKGROUND

The Court assumes familiarity with the background of this case, especially because one fact dictates the outcome—the Defendant was responsible for over 300 kilograms of heroin. (Presentence Report ("PSR") Addendum at 2.) At the time of his sentencing, this drug quantity mandated the highest base offense level of thirty-six, which was reserved for any crime involving ten or more kilograms of heroin. (PSR Addendum at 2.) Today, the highest base offense level is thirty-eight for any crime involving ninety or more kilograms of heroin. Thus, in light of the revised sentencing guidelines, the Probation Department has determined that: (i) the Defendant's base offense level increased and (ii) no other material changes have been made. (PSR Addendum at 2–3.)

## II. DISCUSSION

As a general rule, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Congress has permitted sentence reductions where the applicable guideline range has been lowered since the original sentencing. Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam) (citing 18 U.S.C. § 3582(c)(2)); see also U.S.S.G. § 1B1.10(b)(1) (2014) (instructing federal courts to consider "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced"). It is also worth noting that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

In determining whether to grant a sentence reduction, the Court engages in a two-step inquiry. United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). First, the Court considers whether the Defendant is eligible for a reduction or, in other words, whether his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (per curiam). If, as here, the Defendant is ineligible, the inquiry ends, and the Court denies the motion. But in cases which proceed to the second step, the Court would determine, in its discretion, whether a reduction is appropriate in light of the circumstances of the case. Christie, 736 F.3d 194–95; see also 18 U.S.C. § 3553(a) (2012) (requiring the Court to consider, among other things, the Defendant's post-sentencing behavior, the nature of the offense, and any public safety concerns).

3

Here, the revised sentencing guidelines would not lower the Defendant's sentencing range. In terms of drug quantity, the Defendant is accountable for over 300 kilograms of heroin. (PSR Addendum at 2.) At the time of the Defendant's trial, a crime involving more than ten kilograms of heroin received the highest base offense level of thirty-six. U.S.S.G. § 2D1.1 (1987). However, the revised sentencing guidelines increased the maximum base offense level to thirty-eight for any crime involving ninety or more kilograms of heroin. U.S.S.G. § 2D1.1(c)(1) (2016). As a result, his base offense level would be thirty-eight—an upward variance from his original base level of thirty-six. Since all other relevant sentencing decisions were unaffected, the Defendant's total offense level remains at forty-three. (See PSR Addendum at 2–3); accord U.S.S.G. § 5, Pt. A, 18 U.S.C.A., n. 2 (2016) ("An offense level of more than 43 is to be treated as an offense level of 43."). In other words, if the revised sentencing guidelines had been in effect at the time the Defendant was sentenced, the Court would have imposed the same sentence: life imprisonment. And no matter what the Defendant's Criminal History Category is, this result does not change. (See PSR Addendum at 3–4); see also U.S.S.G. § 5, Pt. A, 18 U.S.C.A. (imposing a sentence of life imprisonment for any Criminal History Category with a total offense level of forty-three). Thus, the Defendant is not entitled to a sentence reduction, and his motions are denied with prejudice. See U.S.S.G. § 1B1.10(a)(1)(B) (stating that a sentence reduction is not warranted if an amendment "does not have the effect of lowering the defendant's applicable guideline range").

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendant's motions for a sentence reduction (Dkt. Nos. 698, 725) are DENIED with prejudice, and this case remains closed.

**SO ORDERED.**
Dated: Central Islip, New York
September 13, 2016

                                                                          */s/ Arthur D. Spatt*
                                                                          ARTHUR D. SPATT
                                                                          United States District Judge